IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TERRANCE WALKER,         )
    Petitioner,          )  Civil Action No. 14-cv-104
                         )
v.                       )
                         )  Magistrate Judge Susan Paradise Baxter
BOBBY L. MEEKS,          )
    Respondent.          )

# OPINION[1]

Petitioner is a federal inmate who has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [ECF No. 5] in which he contends that this Court should issue an order directing that he be transferred to a Residential Re-entry Center ("RRC," formerly known as a halfway house). For the reasons set forth below, the petition is denied.

## I.

**A.  Background**

On May 23, 2013, Petitioner was sentenced in the U.S. District Court for the Northern District of Ohio to a 24-month term of imprisonment for Bank Fraud. The court made no recommendations regarding community programming or RRC placement. (Resp's Ex. 2, Attach. 2a, Judgment and Commitment Order).

The BOP designates an inmate's place of imprisonment. In making its designation decision, 18 U.S.C. § 3621(b) requires that the BOP consider: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted, or recommending a type of penal or correctional facility as appropriate; and, (5) any pertinent policy statement by the Sentencing Commission. 18 U.S.C. § 3621(b)(1)-(5).

The BOP designated Petitioner to federal prison in McKean, Pennsylvania. His projected release date is currently set at May 11, 2015.

18 U.S.C. § 3624, as amended by the Second Chance Act ("SCA"), PL 110-199 (April 9, 2008), provides the BOP with the discretion to determine whether and how long an inmate is to be pre-released to an RRC or home confinement. At subsection (c), it provides, in relevant part:

> **(c) Prerelease custody.**--
>
> **(1) In general.**--The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.
>
> **(2) Home confinement authority.**--The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.
>
> - - -
>
> **(4) No limitations.**--Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621.

18 U.S.C. § 3624(c)(1),(2), (4). The SCA also directed the BOP to issue new regulations regarding pre-release custody to "ensure that placement in a community correctional facility by the Bureau of Prisons is-- (A) conducted in a manner consistent with section 3621(b) of this title; (B) determined on an individual basis; and (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6). After the SCA was enacted, the BOP adopted regulations, codified at 28 C.F.R. § 570.22, which provide:

2

> Inmates will be considered for pre-release community confinement in a manner consistent with 18 U.S.C. section 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, within the timeframes set forth in this part.

28 C.F.R. § 570.22.[2]

On September 18, 2013, Petitioner's Unit Team at FCI McKean considered him for placement in an RRC and/or home confinement by weighing Petitioner's individual circumstances against the factors set forth at 18 U.S.C. § 3621(b). The Unit Team noted that: (1) Petitioner was serving a sentence for Bank Fraud; (2) he was an acceptable candidate for RRC placement, he participated in institutional programming, and had a clear disciplinary record; and (3) neither the federal sentencing court nor the Sentencing Guideline Commission had issued any pertinent statements bearing on Petitioner's RRC placement. The United Team recommended that Petitioner be transferred to "home confinement on eligibility date February 28, 2015." (Resp's Ex. 2, Attach. 2b, Community Programming Consideration/Re-Consideration).

In January 2014, Petitioner filed a written request to his Unit Team in which he requested the maximum 12-month RRC placement instead of two and half months of home confinement. He stated that he is homeless and that two and a half months was insufficient to find housing, employment, and reestablish community ties. (Resp's Ex. 2, Attach. 2c, Inmate Request to Staff, with Response). In response, Petitioner's Unit Team amended its Community Programming Consideration form to include the following:

---

[2] Respondent explains that the BOP has issued a guidance memorandum that advises staff that the primary goal of RRC placement is to reduce recidivism. The memorandum further advises that RRC resources are limited and must focus on those inmates most likely to benefit from RRCs in terms of anticipated recidivism reduction. It explains: "Our strategy is to focus on inmates who are at higher risk of recidivating and who have established a record of programming during incarceration, so that pre-release RRC placement will be as productive and successful as possible." The memorandum also explains that RRCs are most effective, in terms of recidivism reduction, for inmates at higher risk for recidivism. Consequently, appropriate higher-risk inmates should be considered for longer RRC placements than lower-risk inmates. (Resp's Ex. 1, Attach. 1g, June 24, 2010 Memorandum).

3

>   2/4/14. Inmate now indicates he is homeless. Therefore we will recommend a 91-120 day RRC placement. The 91-120 day RRC [placement] is considered sufficient placement for his length of sentence and specific release needs.

(Resp's Ex. 2, Attach. 2b, Community Programming Consideration/Re-Consideration).

On February 28, 2014, FCI McKean issued the paperwork for an RRC placement of 91-120 days, noting that Petitioner's Unit Team determined that the length of the placement was of sufficient duration to provide Petitioner with the greatest likelihood of successful reintegration into the community. (Resp's Ex. 2, Attach. 2d, Institutional Referral for RRC Placement).

A federal prisoner who has complaints about a decision regarding how long he will receive RRC placement must attempt to resolve his concern informally, followed by administrative grievances at the (1) institutional, (2) regional, and (3) national levels of the BOP. 28 C.F.R. §§ 542.13–.18. See, e.g., Vasquez v. Strada, 684 F.3d 431, 433 (3d Cir. 2012). Petitioner challenged his RRC placement recommendation through only two of the three levels of administrative remedy process. Specifically, on February 12, 2014, he filed a Request for Administrative Remedy with the Warden at FCI McKean (the Respondent Meeks), in which he argued that the recommended 91-120 day placement was insufficient for him to secure employment, an apartment, and other release needs. The Warden denied his request, explaining:

> [The Unit Team's] recommendation was based upon your 24 months sentence for Bank Fraud and your specific release needs. Your unit team noted since your arrival at FPC McKean in August of 2013, you have only participated in one Adult Continuing Education class. You have not participated in any other educational opportunities since your arrival. Furthermore, you have numerous telephone and e-mail contacts and have received over $1,245 from six individual indicating you have community support. It does not appear you have made any effort to save money to assist you with your release. Therefore, the 91-120 days recommendation is determined to be sufficient to provide you the greatest likelihood of successful reintegration into the community.

(Resp's Ex. 1, Attach. 1b at 1-2).

After the Warden denied his Request for Administrative Remedy, Petitioner filed one with the Regional Director. On March 28, 2014, the Regional Director denied the request, explaining:

> A second review [for RRC placement] was conducted on February 4, 2014 after you informed your Unit Team you were now homeless and required the services of an RRC. Your Unit Team again considered all your transitional needs, to include housing, employment and family obligations, and recommended a 91-120 day RRC placement date. This recommendation was appropriate to provide you with the best opportunity for successful transition back into the community. **Staff are afforded broad discretion in reaching this decision and you present no evidence this discretion was abused.** Accordingly, your appeal is denied.
>
> **If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons.** Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W. Washington, D.C. 20534, within 30 calendar days of the date of this response.

(Resp's Ex. 1, Attach. 1b at 9 (emphasis added)).

Petitioner did not appeal the Regional Office's response to the BOP's Central Office. (Resp's Ex. 1, ¶ 7). Instead, he commenced habeas proceedings in this Court pursuant to § 2241. He contends that the "FPC McKean's team staff recommendation is a clear abuse of discretion against my real life facts for a successful reintegration back into the community." [ECF No. 5]. Respondent filed an Answer [ECF No. 10], in which he contends that the petition must be denied, and Petitioner has filed a Reply [ECF No. 11].

**B.      Discussion**

**1.      Petitioner Failed to Exhaust His Administrative Remedies**

In order to obtain federal habeas relief under 28 U.S.C. § 2241, a prisoner must have first exhausted the BOP's administrative remedies. See, e.g., Vasquez, 684 F.3d at 433 (citing Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996)). The exhaustion requirement is mandated because it promotes the important goals of: (1) providing the BOP with the opportunity to correct its

5

own errors before the federal court becomes involved, thus fostering administrative autonomy; (2) permitting the BOP to grant the relief requested if such relief is warranted, which conserves judicial resources; and, (3) allowing the BOP the opportunity to develop a factual record and apply its expertise, which facilitates judicial review in the event such review is required. See, e.g., Moscato, 98 F.3d at 761-62.

Petitioner did not exhaust his administrative remedies because he did not file an appeal of the Regional Director's decision to the BOP's General Counsel. He suggests that he should be excused from the exhaustion requirement because it would be futile to pursue his administrative remedies. This argument is rejected because this is not the type of case where waiver of the exhaustion requirement is available. See, e.g., Vasquez, 684 F.3d at 433-34. A habeas court may excuse a federal prisoner's failure to pursue his administrative remedies in the limited circumstance when it is shown that his efforts to exhaust would be "futile" and the goals of the exhaustion doctrine would not be promoted. See, e.g., Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 239 n.2 (3d Cir. 2005). In Woodall, a federal prisoner challenged the validity of BOP regulations that limited an inmate's placement in a halfway house to the lesser of ten percent of the inmate's total sentence or six months (28 C.F.R. §§ 570.20-21 (2005)). He did not exhaust his administrative remedies, but argued that he was not required to do so because exhaustion would be futile. The district court agreed, stating: "[E]xhaustion of administrative remedies is not required where exhaustion would not promote" the goals of the doctrine. Woodall v. Federal Bureau of Prisons, No. 05-1542, 2005 WL 1705777 * 6 (D.N.J. July 20, 2005) (citing Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) and Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988)). It concluded:

> Here, it does not appear that there is any need to develop a factual record. Nor does this matter require application of the agency's particular expertise. Woodall does not challenge the application of the BOP's ten-percent rule to him, but challenges whether the

6

>ten-percent rule legally implements the statute pursuant to which it was promulgated. This is a question within the expertise of courts [under Chevron]. Accordingly, the purposes of the exhaustion requirement would not be served by requiring Woodall to exhaust his administrative remedies.

Id. The U.S. Court of Appeals for the Third Circuit subsequently affirmed the district court's resolution of the issue. Woodall, 432 F.3d at 239 n.2. It held that because "the purposes of exhaustion would not be served here by requiring Woodall to exhaust his administrative remedies[,]" he was excused from the requirement. Id.

Unlike the federal prisoner in Woodall, Petitioner in this case is not challenging the legality of BOP regulations. Nor is he presenting an issue of statutory construction. Rather, he his challenging the BOP's discretionary decisions and the application of its regulations and policies to him. Thus, this case does not present the type of legal issue that is within the expertise of a federal court but not the BOP's. Vasquez, 684 F.3d at 433-34 ("We have held that a prisoner need not exhaust administrative remedies where the issue presented involves only statutory construction, but Vasquez asked the District Court to direct the BOP to provide him with the maximum 12-month RRC placement…. Exhaustion was required in his case, and Vasquez's habeas corpus petition properly was dismissed for failing to exhaust administrative remedies.") (internal citation omitted). And, in contrast to Woodall, where exhaustion was futile because the court could confidently predict that the petitioner would not receive relief through the administrative process since the BOP was not going to deviate from its regulations, this Court cannot with certainty predict how the BOP's General Counsel's Office would have ruled on Petitioner's administrative appeal if he had filed one challenging the decisions at issue in this case. Petitioner's belief that he would not have received the relief he now seeks in his petition through the BOP's administrative review process does not excuse him from the exhaustion requirement. Vasquez, 684 F.3d at 434 (petitioner's federal habeas claim challenged the length of his RRC placement properly dismissed for

failing to exhaust administrative remedies); Garcia v. United States, 518 F.App'x 78, 79 (3d Cir. 2013) ("Here, Garcia argued that his failure to exhaust should be excused … [e]ssentially, he argued that because his request for RRC placement would be denied no matter what, there was no point in making it in the first place. We agree with the District Court that Garcia merely sought to 'bypass the administrative process entirely and purposely in anticipation of yet-to-be made but preconceived notion of his RRC determination.' That is not a reason to excuse the firm requirement of exhaustion."); Wilson v. Strada, 474 F.App'x 46, 48 (3d Cir. 2012) ("Contrary to [the petitioner's] assertion in the proceedings below, he was not merely challenging the construction of the Second Chance Act, or the BOP's implementation of the Federal prisoner reentry initiative. Exhaustion was required in his case, and Wilson's habeas corpus petition properly was dismissed for failure to exhaust administrative remedies.").

Petitioner also argues that the exhaustion requirement should be excused because this is a "time sensitive" matter. This argument is rejected. The BOP is not currently holding him beyond the term of imprisonment imposed by the U.S. District Court for the Northern District of Ohio. He is not being irreparably harmed because he must continue to serve his judicially imposed sentence. See, e.g., Romero v. Meeks, No. 2014 WL 4796579, *5 (W.D. Pa. Sept. 26, 2014) (quoting Amirnazmi v. Scism, No. 3:11-cv-273, 2011 WL 5854579, *6-7 (M.D. Pa. Nov. 21, 2011) ("Petitioner's argument that exhaustion would be futile or cause irreparable injury also fails. Courts in this District have repeatedly held that exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates that he will be unsuccessful in his administrative appeals before" the date he believes he should be released to a halfway house) (citations and internal quotations omitted)); Ross v. Martinez, No. 09-1170, 2009 WL 4573686, *3 (M.D. Pa. Dec. 1, 2009) (same).

Based upon all of the foregoing, Petitioner's request for habeas relief is denied because he failed to exhaust his administrative remedies.

## 2. The Petition Has No Merit

In the alternative, the petition is denied on the merits. A district court may only extend the writ of habeas corpus to an inmate if Petitioner demonstrates that "[h]e is in [Bureau] custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2241(c)(3). Thus, habeas relief is available in this case only if Petitioner were to show a violation of the Constitution or federal law, not merely that he disagrees with a BOP decision that is within its discretion to make. Id.; see, e.g., Marshall v. Lansing, 839 F.2d 933, 949-50 (3d Cir. 1988).

As explained above, 18 U.S.C. § 3624 provides the BOP with the discretion to determine whether and how long an inmate is to be pre-released to an RRC provided such pre-release confinement is practicable and the BOP considers § 3621(b)'s factors on an individual basis. 18 U.S.C. § 3624(c); 28 C.F.R. § 570.22. Petitioner has no substantive right to any particular length of time in an RRC. Id.; See Woodall, 432 F.3d at 244-51 (in exercising its discretion to make halfway house placement decisions, the Bureau must consider the factors set forth in § 3621(b); "[h]owever, that the [Bureau] may assign a prisoner to a halfway house does not mean that it must."); Levine v. Apker, 455 F.3d 71, 80 (2d Cir. 2006) (Congress's use of the language "may designate" in §3621(b) endows the BOP with broad discretion). See Marshall, 839 F.2d at 949-50 (the discretionary decision made by the Parole Commission where to place an individual within the range specified by the appropriate guideline was not reviewable. It is well established that the United States Constitution does not confer any right upon an inmate to any particular custody or security classification. See, e.g., Powell v. Weiss, 757 F.3d 338, 342 (3d Cir. 2014) (quoting Montanye v. Haymes, 427 U.S. 236, 242 (1976) for the proposition that "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause

does not in itself subject an inmate's treatment by prison authorities to judicial oversight."). See Beckley v. Miner, 125 F.App'x 385, 389 (3d Cir. 2005) ("It is well settled, and the parties agree, that the Bureau has nearly exclusive jurisdiction to classify and transfer prisoners."). Section 3624 does not mandate a particular method or procedure that the BOP must follow when making its decision, as long as the criteria set forth at § 3621(b) are considered. See, e.g., Woodall, 432 F.3d at 244-49 (the BOP may not categorically remove its ability to consider the explicit factors set forth by Congress in § 3621(b) for making placement and transfer determinations).

This Court may only evaluate the BOP's decision regarding RRC placement to determine if it abused its discretion by not adhering to the requirements of the applicable law. Vasquez, 684 F.3d at 434; Woodall, 432 F.3d at 244-49; Marshall, 839 F.2d at 942-51 (district court's authority to ensure that an agency adheres to the law does not permit it to displace the agency's decisionmaking process; the role of the court is limited to ensuring that the agency follows the law and its regulations (which have the force of law)). Petitioner has not demonstrated that the BOP abused its discretion. He was properly considered for RRC placement after an evaluation of his individual circumstances against the factors set forth in § 3621(b). There is no basis for this Court to disturb the BOP's determination, which was a valid exercise of its discretion.

In conclusion, Petitioner has not demonstrated that the BOP abused its discretion, violated any federal constitution right, any federal statute, or the relevant regulations when it made the challenged RRC placement decision. Therefore, in addition to being subject to denial because Petitioner failed to exhaust his administrative remedies, the petition is denied because it has no merit.

## II.

For the reasons set forth above, the petition for a writ of habeas corpus is denied.[3]

Dated: October 28, 2014
/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

---

[3] Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253(as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 132 S.Ct. 641 (2012); 28 U.S.C. § 2253(c)(1)(B).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRANCE WALKER, | ) | |
|     Petitioner, | ) | Civil Action No. 14-cv-104 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| BOBBY L. MEEKS, | ) | |
|     Respondent. | ) | |

## ORDER

**AND NOW,** this 28th day of **October, 2014**;

**IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus is DENIED. **IT IS FURTHER ORDERED** that his motion to expedite [ECF No. 12] is DISMISSED. The Clerk of Courts is directed to close this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge